IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **CENTURY FIRE PROTECTION, LLC,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) No. _____ ) |
| **M.C. DEAN, INC.; LIBERTY MUTUAL INSURANCE COMPANY; ARCH INSURANCE COMPANY,** | ) ) ) ) |
| **Defendants.** | ) ) |

## VERIFIED COMPLAINT

Comes now on oath, the Plaintiff, Century Fire Protection, LLC ("Century Fire"), by and through counsel, and for its causes of action against the Defendants, M.C. Dean, Inc. ("M.C. Dean"), Liberty Mutual Insurance Company ("LM"), and Arch Insurance Company ("Arch") states:

### THE PARTIES

1. Century Fire is a Delaware limited liability company with a principal place of business located in Duluth, Georgia. Century Fire is authorized and does conduct business in the State of Tennessee.

2. Upon information and belief, M.C. Dean is a Virginia corporation with a principal place of business located in Tysons, Virginia. M.C. Dean is authorized and does conduct business in the State of Tennessee. M.C. Dean may be served via its registered agent C T Corporation System at 300 Montvue Road, Knoxville, Tennessee 37919.

3. LM is a Massachusetts corporation authorized to issue surety bonds in the State of Tennessee. LM maintains a principal place of business located at 175 Berkeley Street, Boston,

Massachusetts 02116. LM may be served via the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243.

4. Arch is a Missouri corporation and is authorized to issue surety bonds in the State of Tennessee and maintains a principal place of business located at 2345 Grand Blvd. Suite 900, Kansas City, Missouri 64108. Arch may be served via the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a).

6. Under 28 U.S.C. § 1391, this is the proper venue because the underlying facts of this case took place in Nashville, Davidson County, Tennessee. Specifically, this case arises out of non-payment for materials, labor and equipment rendered on the Nashville Federal Courthouse Project.

## STATEMENT OF FACTS

7. On or around January 2018, the United States General Services Administration ("GSA") awarded Hensel Phelps Construction Co. a contract to construct the Nashville Federal Courthouse (the "Project").

8. The Project consists of approximately 275,000 gross SF, eight courtrooms, 11 judges' chambers on six tenant floors and a basement level with structured parking. The Project provides workspace for the U.S. District Court for the Middle District of Tennessee, the U.S. Marshals Service, U.S. Probation, the U.S. Attorney's office, GSA and U.S. Senate offices.

9. After being awarded the Project, Hensel Phelps subcontracted parts of the Project

to M.C. Dean, and M.C. Dean proceeded to further subcontract certain scopes of its work to Century Fire.

10. As part of M.C. Dean's contract with Hensel Phelps, M.C. Dean was required to procure and maintain a payment bond ("Payment Bond").

11. The Payment Bond was to ensure lower tier subcontractors on the Project, such as Century Fire, received payment for work performed.

12. The Payment Bond was issued on or about February 12, 2018, with LM and Arch as sureties on the Payment Bond. A true and correct copy of the Payment Bond is attached as **Exhibit "A"**.

13. The Payment Bond requires M.C. Dean to make payment promptly to all Claimants for all labor, materials, and equipment on the Project.

14. Under the Payment Bond, if M.C. Dean fails to pay its lower tier subcontractors, the Claimants may recover amounts owed directly from LM and Arch.

15. On September 11, 2018, M.C. Dean and Century Fire entered into a binding and enforceable sub-subcontract (the "Subcontract"). A true and correct copy of the Subcontract is attached as **Exhibit "B"**.

16. The work M.C. Dean retained Century Fire to complete at the Project was required under M.C. Dean's contract with Hensel Phelps.

17. Century Fire fully performed its scope of work on the Project.

18. Century Fire also performed additional work at M.C. Dean's request, which resulted in eleven change orders. The change orders are attached as **Exhibit "C"**.

19. M.C. Dean failed to pay Century Fire for pay application #10, Invoice # 089672, dated January 31, 2022 in the amount of $35,956.80.

20. M.C. Dean failed to pay Century Fire for change orders 1-11, Invoice # 090214,

dated February 16, 2022 in the amount of $61,087.00.

21. M.C. Dean failed to pay Century Fire retainage requested, Invoice # 132574, dated August 8, 2022 in the amount of $41,406.30.

22. Pursuant to the Subcontract, M.C. Dean was obligated to pay Century Fire no later than thirty (30) calendar days from completion of Century Fire's work.

23. Upon information and belief, the entire Project was completed on April 22, 2022 with occupancy commencing on or around May 6, 2022.

24. To date, M.C. Dean has failed to pay Century Fire a total of $138,450.10. True and correct copies of the invoices are attached as composite **Exhibit "D"**.

25. Despite Century Fire's multiple communications to M.C. Dean, M.C. Dean has failed to provide any basis for its failure to pay Century Fire.

26. Century Fire also demanded payment from LM and Arch under the Payment Bond; however, to date, LM and Arch have failed to issue payment to Century Fire.

## COUNT I- BREACH OF CONTRACT
### (CENTURY FIRE V. M.C. DEAN)

27. Century Fire incorporates and restates its allegations in Paragraphs 1-26 of the Verified Complaint.

28. Century Fire performed in accordance with its contractual arrangement with M.C. Dean.

29. Despite Century Fire's performance, M.C. Dean has failed to pay Century Fire, which is a material breach of the Subcontract.

30. Because of M.C. Dean's breach of the Subcontract, Century Fire has been damaged in the amount of $138,450.10, in addition to prejudgment interest and costs.

## COUNT II - BREACH OF CONTRACT
## (CENTURY FIRE V. LM AND ARCH)

31. Century Fire incorporates and restates its allegations in Paragraphs 1-30 of the Complaint.

32. Arch and LM were both sureties on the Payment Bond.

33. Century Fire is a Claimant on the Payment Bond, having given written notice on September 30, 2022. A true and correct copy of which is attached as **Exhibit "E"**.

34. Arch and LM were contractually obligated to pay Century Fire for amounts it is owed for labor and materials it provided to the Project.

35. By failing to remit payment to Century Fire, Arch and LM have failed comply with their obligations as sureties.

36. Arch and LM are jointly and severally liable to Century Fire in the amount of $138,450.10, in addition to other damages proven at trial.

**WHEREFORE**, Century Fire respectfully prays:

1. That the Defendants, M.C. Dean, Arch, and LM be required to answer this Complaint within the time provide by law;

2. That this Court enter judgment in favor of Century Fire and against M.C. Dean, Arch, and LM, jointly and severally, in the amount of $138,450.10, plus prejudgment interest, fees, and costs; and

3. That this Court grant such other, further and general relief to which Century Fire may be entitled in law or equity.

Respectfully submitted,

/s/ Mary Beth Hagan
Mary Beth Hagan, #22109
HAGAN JENKINS LAW GROUP, PLLC
625 S. Church St., Suite A
Murfreesboro, TN 37130
Telephone: (615) 546-4070
Facsimile: (615) 295-2574
*Attorneys for Plaintiff*

# VERIFICATION

CENTURY FIRE PROTECTION, LLC

By: _____
    Jeromy Gibson

Its: Corporate Treasurer

STATE OF GEORGIA         )
COUNTY OF BARROW     )

    Comes Jeromy Gibson, with whom I am personally acquainted and who acknowledged himself to be the Corporate Treasurer of CENTURY FIRE PROTECTION, LLC, and having been duly sworn according to law, acknowledges that he is familiar with the facts set forth in this Verified Complaint and that the facts and statements contained in this Verified Complaint are true and correct to the best of his knowledge, information and belief, and has executed this sworn statement on behalf of CENTURY FIRE PROTECTION, LLC in such capacity.

    Witness my hand this 22nd day of February, 2023.

_____
Notary Public

Sworn to and subscribed before me
this 22nd day of February, 2023.

_____
Notary Public

My Commission Expires: 08\ 26 \ 2023

